**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **THOMAS NELSON HA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Civil Case No. 08-2136 (RJL)** |
| ) | |
| **U.S. DEPARTMENT OF EDUCATION,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

**MEMORANDUM OPINION**
(January 13, 2010) [# 10, #11]

Plaintiff, Thomas Nelson Ha ("Ha"), acting *pro se*, brings this action against the

U.S. Department of Education ("ED" or "defendant") alleging improper debt collection in

violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

Before the Court is the defendant's Motion To Dismiss Or, In The Alternative, For

Summary Judgment.  Upon consideration of the parties' pleadings, relevant law, and the

entire record herein, the defendant's Motion to Dismiss is GRANTED.

**BACKGROUND**

Ha attended the University of Utah from 1980 to 1985, during which time he

incurred student loans.  Compl. 5.  He alleges that ED's efforts to collect his loans

between the time of his graduation and May 21, 2002, when he was informed by ED that

he had fully paid his loans, were oppressive and harassing.  *See* Compl. 3-13, Ex. 26.  He

also alleges that actions taken by the defendant starting in November 2005, to collect an

additional $314.91 that ED asserted was due because of the reversal of a previous tax

offset, were unlawful. *See* Compl. 1-3, 12-13, Ex. 27.  Ha seeks a refund of $20,004.86

that he claims was improperly garnished by ED between April 13, 1996, and June 12,

2002, Comp. 15; "an indemnity" of $340,000, Compl. 15; and $160,000 in punitive

damages to pay off his mortgage, Compl. 16.  He asserts that he is entitled to this relief

under the FDCPA.  Compl. 14-15; Pl.'s Resp. 2.

## ANALYSIS

Defendant moves to dismiss this case pursuant to Fed. R. Civ. P. 12(b)(1) and (6).

Because subject-matter jurisdiction focuses on a court's power to hear the plaintiff's

claim, a Rule 12(b)(1) motion to dismiss imposes on a court an affirmative obligation to

ensure that it is acting within the scope of its jurisdictional authority.  *Grand Lodge of*

*Fraternal Order of Police v. Ashcroft*, 185 F. Supp. 2d 9, 13 (D.D.C. 2001).  For this

reason, the Court may give a plaintiff's factual allegations closer scrutiny in resolving a

Rule 12(b)(1) motion for lack of subject matter jurisdiction than a 12(b)(6) motion for

failure to state a claim.  *Id.*  At the same time, the Court is also mindful of its duty to read

Ha's allegations liberally, as Ha is a *pro se* litigant.  Indeed, it is well accepted in our

Circuit that pleadings of *pro se* litigants are held to "less stringent standards" than those

filed by litigants with counsel and must be construed liberally.  *Haines v. Kerner*, 404

U.S. 519, 520 (1972); *Richardson v. United States*, 193 F.3d 545, 548 (D.C. Cir. 1999).

However, *pro se* litigants must still allege a cause of action that falls within the subject

2

matter jurisdiction of this Court.  Unfortunately, for the following reasons, Ha has failed to do so here.

Federal district courts are courts of limited jurisdiction and "possess only that power conferred by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994).  There is a presumption against federal court jurisdiction and the burden is on the party asserting the jurisdiction, the plaintiff in this case, to establish that the Court has subject matter jurisdiction over the action.  *Id.* (citations omitted). Furthermore, it is "elementary" that the United States and its agencies are immune from suit unless Congress has expressly provided consent to be sued.  *United States v. Mitchell*, 445 U.S. 535, 538 (1980).  "A waiver of sovereign immunity 'cannot be implied but must be unequivocally expressed.'"  *Id.* (quoting *United States v. King*, 395 U.S. 1, 4 (1969)).

The FDCPA, upon which Ha relies, is intended "to eliminate abusive debt collection practices by debt collectors."  15 U.S.C. § 1692(e).  The statute provides that "any debt collector who fails to comply" with the provisions of the FDCPA is subject to civil liability.  *Id.* § 1692k(a).  By its terms, however, the FDCPA excludes from the definition of "debt collector" "any officer or employee of the United States or any State to the extent that collecting to attempting to collect any debt is in the performance of his official duties."  *Id.* § 1692a(6)(C).

Incredibly, the determination of whether the FDCPA contains a waiver of sovereign immunity is a matter of first impression within our Circuit.  At least one U.S.

Court of Appeals and several U.S. District Courts, however, have evaluated this issue and found that the FDCPA does *not* contain an unequivocal or express waiver of sovereign immunity as to ED's efforts to collect on a debt. *See Wagstaff v. U.S. Dep't of Educ.*, 509 F.3d 661, 664 (5th Cir. 2007); *United States v. Errigo*, No. 09-CV-12506, 2009 WL 127863, \*2 (E.D. Mich. Jan. 20, 2009); *Little v. Tenn. Student Assistance Corp.*, 537 F. Supp. 2d 942, 944 (W.D. Tenn. 2008); *Sorrell v. Ill. Student Assistance Comm'n*, 314 F. Supp. 2d 813, 817 (C.D. Ill. 2004).  After reviewing these decisions, I have similarly concluded that the FDCPA does not contain an express waiver of sovereign immunity. Therefore, I will not assert jurisdiction over the defendant based on the FDCPA in accordance with "the longstanding principle that only Congress can waive an executive agency's sovereign immunity." *Wagstaff*, 509 F.3d at 664.

Ha's opposition to the defendant's motion to dismiss asserts that the defendant consented to this lawsuit through a letter dated June 19, 1988, written by Mr. J. H. Blomstrand, a loan analyst that no longer works for ED.  Pl.'s Resp. 2-3, Compl. Ex. 20, Def.'s Mot. 6 n.1.  This letter states, "if you believe your rights have been in any way violated either by the Department or by its surrogates you have the right to seek judicial redress in federal district court." Compl. Ex. 20.  Unfortunately for Ha, this statement does not constitute a waiver of sovereign immunity under the FDCPA because, as noted above, any such waiver must be made expressly by *Congress*. *See Mitchell*, 445 U.S. at 538.  To that end, the Fifth Circuit rejected the argument that ED had waived sovereign

4

immunity by "informing [the plaintiff] that she had a right to bring suit in federal court to seek review of the decision to garnish [the plaintiff's] wages" because, again, "only Congress can waive an executive agency's sovereign immunity." *Wagstaff*, 509 F.3d at 664.

Thus, because Ha relies solely upon the letter to establish the Court's jurisdiction, the defendant's motion to dismiss for lack of subject matter jurisdiction must be GRANTED.[1] An order consistent with this decision accompanies this Memorandum Opinion.

RICHARD J. LEON
United States District Judge

---

[1]   Although Ha explicitly declined to bring a Privacy Act claim in the instant action, *see* Pl.'s Resp. 2, the Court dismisses this action without prejudice, such that Ha may pursue a Privacy Act claim, if one can be articulated that is not barred by the statute of limitations.